1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone: (212) 335-4500
   Facsimile: (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone: (415) 986-5900
8  Facsimile: (415) 986-8054
   sgordon@gordonrees.com
9
10 MICHAEL C. ZELLERS (SBN: 146904)
   TUCKER ELLIS & WEST LLP
11 515 South Flower Street, Suite 4200
   Los Angeles, CA 90071-2223
12 Telephone: (213) 430-3400
   Facsimile: (213) 430-3409
13 michael.zellers@tuckerellis.com

14 Attorneys for Defendants
   PFIZER INC., PHARMACIA CORPORATION, AND
15 G.D. SEARLE LLC

16                 UNITED STATES DISTRICT COURT

17               NORTHERN DISTRICT OF CALIFORNIA

18                    SAN FRANCISCO DIVISION

| | |
|---|---|
| 19  IN RE CELEBREX AND BEXTRA<br>MARKETING, SALES PRACTICES AND<br>20  PRODUCTS LIABILITY LITIGATION | ) MDL Docket No. 1699<br>)<br>) CASE NO. 3:08-cv-1798-CRB<br>) |
| *This document relates to* | ) |
| 21  JIMMY D. HALL, et al., | ) **PFIZER INC., PHARMACIA**<br>) **CORPORATION, AND G.D.**<br>) **SEARLE LLC'S ANSWER TO** |
| 22          Plaintiffs, | ) **COMPLAINT** |
| 23      vs. | ) **JURY DEMAND ENDORSED**<br>) **HEREIN** |
| 24  PFIZER, INC., PHARMACIA CORPORATION,<br>25  and G.D. SEARLE, LLC, | )<br>)<br>) |
| 26          Defendants. | )<br>) |
| 27 | ) |

28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2   "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3   (improperly captioned in Plaintiffs' Complaint as "G.D. Searle, LLC") ("Searle") (collectively

4   "Defendants"), and file this Answer to Plaintiffs' Complaint ("Complaint"), and would

5   respectfully show the Court as follows:

6   **I.**

7   **PRELIMINARY STATEMENT**

8   The Complaint does not state in sufficient detail when Plaintiffs and Decedents were

9   prescribed or used Celebrex® (celecoxib) ("Celebrex®").  Accordingly, this Answer can only

10  be drafted generally.  Defendants may seek leave to amend this Answer when discovery reveals

11  the specific time periods in which Plaintiffs and Decedents were prescribed and used

12  Celebrex®.

13  **II.**

14  **ANSWER**

15  1.   Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but

16  deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

17  periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

18  States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19  accordance with their approval by the FDA.  Defendants admit that, during certain periods of

20  time, Celebrex® was manufactured and packaged for Searle, which developed, tested,

21  marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by

22  healthcare providers who are by law authorized to prescribe drugs in accordance with their

23  approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used

24  in accordance with its FDA-approved prescribing information.  Defendants state that the

25  potential effects of Celebrex® were and are adequately described in its FDA-approved

26  prescribing information, which was at all times adequate and comported with applicable

27  standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused

28  Plaintiffs or Decedents injury or damages, and deny the remaining allegations in this paragraph

of the Complaint.

## <u>Response to Allegations Regarding Parties</u>

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and relationship to Decedent, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and relationship to Decedent, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

6.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and relationship to Decedent, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

8.     Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

2  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

3  Celebrex® in the United States to be prescribed by healthcare providers who are by law

4  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

5  that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.

6  Defendants are without knowledge or information to form a belief as to the truth of such

7  allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this

8  paragraph of the Complaint.

9  9.       Defendants admit that Searle is a Delaware limited liability company with its principal

10  place of business in Illinois.  Defendants admit that, as the result of a merger in April 2003,

11  Searle became a subsidiary of Pfizer.  Defendants admit that, during certain periods of time,

12  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

13  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

14  providers who are by law authorized to prescribe drugs in accordance with their approval by the

15  FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16  10.     Defendants admit that Pharmacia is a Delaware corporation with its principal place of

17  business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia

18  marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare

19  providers who are by law authorized to prescribe drugs in accordance with their approval by the

20  FDA.  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are

21  vague and ambiguous.  Defendants are without knowledge or information to form a belief as to

22  the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining

23  allegations in this Paragraph of the Complaint.

24  **Response to Allegations Regarding Jurisdiction and Venue**

25  11.     Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and

27  the amount in controversy, and, therefore, deny the same.  However, Defendants admit that

28  Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    exclusive of interests and costs.

2    12.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding the judicial district in

4    which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants admit

5    that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

6    Celebrex® in the United States, including California and Mississippi, to be prescribed by

7    healthcare providers who are by law authorized to prescribe drugs in accordance with their

8    approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was

9    manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

10   distributed Celebrex® in the United States to be prescribed by healthcare providers who are by

11   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

12   admit that they provided FDA-approved prescribing information regarding Celebrex®.

13   Defendants admit that they do business in the States of California and Mississippi.  Defendants

14   state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.

15   Defendants are without knowledge or information to form a belief as to the truth of such

16   allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

17   committing a tort in the States of California and Mississippi, and deny the remaining allegations

18   in this paragraph of the Complaint.

19              **Response to Allegations Regarding Interdistrict Assignment**

20   13.    Defendants state that this paragraph of the Complaint contains legal contentions to

21   which no response is required.  To the extent that a response is deemed required, Defendants

22   admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

23   and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

24   Panel on Multidistrict Litigation on September 6, 2005.

25                        **Response to Factual Allegations**

26   14.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

27   and co-promoted Celebrex® in the United States, including Mississippi, to be prescribed by

28   healthcare providers who are by law authorized to prescribe drugs in accordance with their

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-5-

approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

17.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

19.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

21.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining the allegations in this paragraph of the Complaint.

22.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

23.     Defendants admit that Celebrex® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS").  Defendant states that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants admit that Celebrex® was approved by the FDA on December 31, 1998.  Defendant states that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.  Defendants deny the remaining allegations in this paragraph of the Complaint.

24.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining the allegations in this paragraph of the Complaint.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    and deny the remaining the allegations in this paragraph of the Complaint.

2    26.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants admit that they provided FDA-approved prescribing information regarding

7    Celebrex®.  Defendants deny the remaining the allegations in this paragraph of the Complaint.

8    27.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10   Celebrex® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendants deny any wrongful conduct and deny the remaining the allegations in this paragraph

13   of the Complaint.

14   28.    Defendants are without knowledge or information sufficient to form a belief as to the

15   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

16   Decedents used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex®

17   was and is safe and effective when used in accordance with its FDA-approved prescribing

18   information.  Defendants state that the potential effects of Celebrex® were and are adequately

19   described in its FDA-approved prescribing information, which was at all times adequate and

20   comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

21   deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining

22   the allegations in this paragraph of the Complaint.

23                **Response to First Cause of Action: Products Liability**

24   29.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

25   Complaint as if fully set forth herein.

26   30.    Defendants state that this paragraph of the Complaint contains legal contentions to

27   which no response is required.  To the extent that a response is deemed required, Defendants

28   are without knowledge or information sufficient to form a belief as to the truth of the

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint, including all subparts.

31.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining the allegations in this paragraph of the Complaint.

32.    Defendants admit that Celebrex® was expected to reach consumers without substantial change from the time of sale. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

34.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

35.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

37.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

38.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

39.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

40.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

41.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

42.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

43.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

### Response to Second Cause of Action: Strict Products Liability

44.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

45.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

46.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

47.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Decedents injury or damages, and deny the remaining allegations this paragraph of the

2  Complaint.

3  48.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

4  Decedents injury or damages, and deny the remaining allegations this paragraph of the

5  Complaint.

6  49.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

7  Decedents injury or damages, and deny the remaining allegations this paragraph of the

8  Complaint.

9  50.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

10  Decedents injury or damages, and deny the remaining allegations this paragraph of the

11  Complaint.

12  51.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

13  Decedents injury or damages, and deny the remaining allegations this paragraph of the

14  Complaint.

15  **Response to Third Cause of Action: Express Warranty**

16  52.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

17  Complaint as if fully set forth herein.

18  53.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

20  Decedents used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex®

21  was and is safe and effective when used in accordance with its FDA-approved prescribing

22  information.  Defendants state that the potential effects of Celebrex® were and are adequately

23  described in its FDA-approved prescribing information, which was at all times adequate and

24  comported with applicable standards of care and law.  Defendants admit that they provided

25  FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining

26  allegations this paragraph of the Complaint.

27  54.    Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-14-

1  Decedents used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex®

2  was and is safe and effective when used in accordance with its FDA-approved prescribing

3  information.  Defendants state that the potential effects of Celebrex® were and are adequately

4  described in its FDA-approved prescribing information, which was at all times adequate and

5  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

6  and deny the remaining allegations this paragraph of the Complaint.

7  55.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

8  Decedents injury or damages, and deny the remaining allegations this paragraph of the

9  Complaint.

10  **Response to Fourth Cause of Action: Implied Warranty**

11  56.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

12  Complaint as if fully set forth herein.

13  57.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

15  Decedents used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex®

16  was and is safe and effective when used in accordance with its FDA-approved prescribing

17  information.  Defendants state that the potential effects of Celebrex® were and are adequately

18  described in its FDA-approved prescribing information, which was at all times adequate and

19  comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

20  deny that Celebrex® is defective, and deny the remaining allegations this paragraph of the

21  Complaint.

22  58.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

24  Decedents used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex®

25  was and is safe and effective when used in accordance with its FDA-approved prescribing

26  information.  Defendants state that the potential effects of Celebrex® were and are adequately

27  described in its FDA-approved prescribing information, which was at all times adequate and

28  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

and deny the remaining allegations this paragraph of the Complaint.

59.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

### Response to Fifth Cause of Action: Unjust Enrichment

60.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

61.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

### Response to Allegations Regarding Damages

62.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

63.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint, including all subparts.

64.    Answering the unnumbered paragraph following Paragraph 63 of the Complaint, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint, including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pleaded in full bar of any liability as to Defendants.

### Sixth Defense

6.    Plaintiffs' action is barred by the statute of repose.

### Seventh Defense

7.    If Plaintiffs or Decedents sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of Plaintiffs or Decedents and Plaintiffs' damages, if any, are barred or reduced by the doctrines of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

comparative fault and contributory negligence and by the failure to mitigate damages.

**Eighth Defense**

8.      The proximate cause of the loss complained of by Plaintiffs are not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.      The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.     Any injuries or expenses incurred by Plaintiffs or Decedents were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiffs or Decedents.

**Twelfth Defense**

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Celebrex® is a prescription medical product, available only on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiffs' and Decedents' treating and prescribing physicians.

**Thirteenth Defense**

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiffs and Decedents was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    If Plaintiffs or Decedents sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Celebrex® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' and Decedents' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.    Plaintiffs and Decedents knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Twenty-eighth Defense

2    28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

3    Products Liability.

4

### Twenty-ninth Defense

5    29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs failed to plead facts

6    sufficient under the law to justify an award of punitive damages.

7

### Thirtieth Defense

8    30.    The imposition of punitive damages in this case would violate Defendants' rights to

9    procedural due process under the Fourteenth Amendment of the United States Constitution and

10    the Constitution of the States of California and Mississippi, and would additionally violate

11    Defendants' right to substantive due process under the Fourteenth Amendment of the United

12    States Constitution.

13

### Thirty-first Defense

14    31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

15    Fourteenth Amendments to the United States Constitution.

16

### Thirty-second Defense

17    32.    The imposition of punitive damages in this case would violate the First Amendment to

18    the United States Constitution.

19

### Thirty-third Defense

20    33.    Plaintiffs' punitive damage claims are preempted by federal law.

21

### Thirty-fourth Defense

22    34.    In the event that reliance was placed upon Defendants' nonconformance to an express

23    representation, this action is barred as there was no reliance upon representations, if any, of

24    Defendants.

25

### Thirty-fifth Defense

26    35.    Plaintiffs and Decedents failed to provide Defendants with timely notice of any alleged

27    nonconformance to any express representation.

28

**Thirty-sixth Defense**

36.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.     Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitution of the States of California and Mississippi.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs and Decedents; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and Decedents and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.     If Plaintiffs or Decedents sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Forty-fourth Defense

2    44.    Plaintiffs' claims are barred because Plaintiffs' and Decedents' injuries, if any, were the

3    result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions,

4    diseases or illnesses, subsequent medical conditions or natural courses of conditions of

5    Plaintiffs and Decedents, and were independent of or far removed from Defendants' conduct.

6

### Forty-fifth Defense

7    45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

8    did not proximately cause injuries or damages to Plaintiffs or Decedents.

9

### Forty-sixth Defense

10    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

11    and Decedents did not incur any ascertainable loss as a result of Defendants' conduct.

12

### Forty-seventh Defense

13    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

14    manufacturing, labeling, packaging, and any advertising of the product complied with the

15    applicable codes, standards and regulations established, adopted, promulgated or approved by

16    any applicable regulatory body, including but not limited to the United States, any state, and

17    any agency thereof.

18

### Forty-eighth Defense

19    48.    The claims must be dismissed because Plaintiffs and Decedents would have taken

20    Celebrex® even if the product labeling contained the information that Plaintiffs contend should

21    have been provided.

22

### Forty-ninth Defense

23    49.    The claims asserted in the Complaint are barred because the utility of Celebrex®

24    outweighed its risks.

25

### Fiftieth Defense

26    50.    Plaintiffs' damages, if any, are barred or limited by the payments received from

27    collateral sources.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Fifty-first Defense

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.    Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs and Decedents.

### Fifty-second Defense

52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

55.    Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as may apply.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-sixth Defense**

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs or Decedents were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

**Fifty-seventh Defense**

57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs' claims are barred because Defendants did not make or breach any express or implied warranties, Plaintiffs and Decedents failed to give reasonable notice to Defendants of any alleged breach or breaches of warranty as required by Miss. Code Ann § 75-2-607(3)(a).

**Fifty-ninth Defense**

59.    Any verdict or judgment rendered against Defendant must be reduced under the laws of the State of Mississippi by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, such as insurance, social security, worker's compensation, or employee benefits programs.  Plaintiffs and Decedents may have settled their claims for alleged injuries and damages with certain parties.  Defendants therefore are, in any event, entitled to a credit in the amount of any such settlement heretofore made between Plaintiffs and Decedents and any such parties.

**Sixtieth Defense**

60.    Plaintiffs' claims for punitive damages are limited or barred by the standards governing exemplary damage awards which arise under the United States Constitution and decisions of the United States Supreme Court such as *BMW of North America v. Gore*, 116 U.S. 1589

1  (1996); *Cooper* Industries*, Inc., v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and

2  *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (U.S. 2003), or the Mississippi

3  Constitution, statutes, and decisions of Mississippi courts.

### Sixty-first Defense

5  61.    Defendant asserts that Plaintiffs' claim for punitive damages is governed and limited by

6  Miss. Code Ann. § 11-1-65, and Defendants hereby plead and invoke the provisions of the

7  same.

### Sixty-second Defense

9  62.    Celebrex® and the Defendants' actions conformed to the state of the art medical and

10  scientific knowledge at all times relevant to this lawsuit and Celebrex® complied with

11  applicable product safety statutes and regulations as described in Restatement (Third) of Torts:

12  Products Liability § 4.

### Sixty-third Defense

14  63.    Defendants satisfied their duty to warn under the learned intermediary doctrine and

15  Plaintiffs' claims are therefore barred.

### Sixty-fourth Defense

17  64.    Defendants hereby plead all defenses contained in Miss. Code Ann. § 11-1-63 and

18  hereby invoke the provisions of Miss. Code Ann. § 85-5-7.

### Sixty-fifth Defense

20  65.    Plaintiffs failed to join all indispensable parties; as a result of such failure to join,

21  complete relief cannot be accorded to those already parties to the action and will result in

22  prejudice to Defendant in any possible future litigation.

### Sixty-sixth Defense

24  66.    Any judicially-created definitions of manufacturing defect and design defect, and

25  standards for determining whether there has been an actionable failure to ward, are

26  unconstitutional in that, among other things, they are void for vagueness and undue burden on

27  interstate commerce, as well as an impermissible effort to regulate in an area that previously has

28  been preempted by the federal government.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Sixty-seventh Defense

2    67.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

3    Defendants, no act or omission was oppressive, fraudulent, or malicious, and, therefore, any

4    award of punitive damages is barred.

5    ### Sixty-eighth Defense

6    68.    Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to bring

7    such claims.

8    ### Sixty-ninth Defense

9    69.    Defendants reserve the right to supplement their assertion of defenses as they continue

10    with their factual investigation of Plaintiffs' claims.

11    ### V.

12    ### PRAYER

13    WHEREFORE, Defendants pray for judgment as follows:

14    1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

15    2.    That the Complaint be dismissed;

16    3.    That Defendants be awarded their costs for this lawsuit;

17    4.    That the trier of fact determine what percentage of the combined fault or other liability

18         of all persons whose fault or other liability proximately caused Plaintiffs' and

19         Decedents' alleged injuries, losses or damages is attributable to each person;

20    5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater

21         than an amount which equals their proportionate share, if any, of the total fault or other

22         liability which proximately caused Plaintiffs' and Decedents' injuries and damages; and

23    6.    That Defendants have such other and further relief as the Court deems appropriate.

24

25

26

27

28

1    May 30, 2008                                    GORDON & REES LLP

2

3                                                    By: :_____/s/_____

4                                                        Stuart M. Gordon
                                                         sgordon@gordonrees.com
5                                                        Embarcadero Center West
                                                         275 Battery Street, 20th Floor
6                                                        San Francisco, CA 94111
                                                         Telephone:  (415) 986-5900
7                                                        Fax:  (415) 986-8054

8    May 30, 2008                                    TUCKER ELLIS & WEST LLP
                                                     .
9

10                                                   By: :_____/s/_____

11                                                       Michael C. Zellers
                                                         michael.zellers@tuckerellis.com
12                                                       515 South Flower Street, Suite 4200
                                                         Los Angeles, CA  90071-2223
13                                                       Telephone:  (213) 430-3400
                                                         Fax:  (213) 430-3409
14
                                                         Attorneys for Defendants
15                                                       PFIZER INC., PHARMACIA
                                                         CORPORATION, AND G.D. SEARLE
16                                                       LLC

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## JURY DEMAND

2    Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3    trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4    Procedure.

5    May 30, 2008                              GORDON & REES LLP

6

7                                             By: :_____/s/_____
                                                  Stuart M. Gordon
8                                                 sgordon@gordonrees.com
                                                  Embarcadero Center West
9                                                 275 Battery Street, 20th Floor
                                                  San Francisco, CA  94111
10                                                Telephone:  (415) 986-5900
                                                  Fax:  (415) 986-8054
11

12   May 30, 2008                              TUCKER ELLIS & WEST LLP

13

14                                            By: :_____/s/_____
                                                  Michael C. Zellers
15                                                michael.zellers@tuckerellis.com
                                                  515 South Flower Street, Suite 4200
16                                                Los Angeles, CA 90071-2223
                                                  Telephone:  (213) 430-3400
17                                                Fax:  (213) 430-3409

18                                                Attorneys for Defendants
                                                  PFIZER INC., PHARMACIA
19                                                CORPORATION, AND G.D. SEARLE
                                                  LLC
20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111